UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| AMANDA DELEGRANGE, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | CAUSE NO. 1:12-CV-68 |
|  | ) |  |
| STATE OF INDIANA, et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## OPINION AND ORDER

On July 9, 2012, Anthony Martin filed a motion (Docket # 15) to, as nearly as the Court can tell, enforce relief for Amanda Delegrange, the Plaintiff in this case, by consolidating her case with the case in which he is a party—involving the same incident and parties (1:12-cv-69)—or to allow him to join as a Plaintiff in this case.

As regards Martin's request to consolidate the cases, Federal Rule of Civil Procedure 42(a) only provides for consolidation involving "actions before the court." FED. R. CIV. P. 42(a). Delegrange's case (1:12-cv-68), however, was dismissed by her with prejudice on March 22, 2012. (Docket # 14.) As such, her case is no longer an "action before the court" and thus is ineligible for consolidation.

Moreover, Martin, who is proceeding *pro se* in the 1:12-cv-69 case, cannot represent Delegrange in the present case as he is a non-lawyer and as such has no basis for advancing her claims. *See Malone v. Nielson*, 474 F.3d 934, 937 (7th Cir. 2007); *Navin v. Park Ridge Sch. Dist.*, 270 F.3d 1147, 1149 (7th Cir. 2001); *Nowicki v. Ullsvik*, 69 F.3d 1320, 1325 (7th Cir. 1995); *Banks v. Superintendent*, No. 4:10-CV-040 JD, 2011 WL 2473606, at *1 (N.D. Ind. June

1

21, 2011) ("[A] *pro se* litigant can represent his own interests, but he may not represent others.").

Finally, Martin cannot join or intervene in this case as it no longer exists, at least for that purpose. FED. R. CIV. P. 24. Accordingly, the Court on its own motion strikes Martin's motion (Docket # 15).

SO ORDERED.

Enter for this 10th day of July, 2012.

S/Roger B. Cosbey  
Roger B. Cosbey,  
United States Magistrate Judge